IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BRIDGETON LANDFILL, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) Division No: |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MALLINCKRODT LLC, | ) |
| Serve at: | ) |
| HOLD FOR SERVICE | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff Bridgeton Landfill, LLC and for its Complaint against Defendant Mallinckrodt LLC states and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising from environmental contamination caused by Defendant Mallinckrodt LLC and by which Plaintiff seeks cost recovery, contribution and a declaratory judgment under Sections 107(a), 113(f) and 113(g)(2) of the federal Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. §§ 9601-9675 ("CERCLA").

2. West Lake Landfill is contaminated with numerous substances that are hazardous to the environment and human health.

3. According to the United States Environmental Protection Agency ("EPA"), action to address the contamination is necessary to protect the public health and the environment.

4. Upon information and belief, Mallinckrodt LLC is a covered person as defined by Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), because it generated and arranged for disposal of hazardous substances it owned or possessed that were disposed of at the West Lake Landfill.

5. Bridgeton Landfill, LLC has incurred, and will continue to incur, significant response costs to investigate and otherwise respond to the hazardous substances contained at the West Lake Landfill.

6. Mallinckrodt LLC is responsible for the release or threatened release of hazardous substances at West Lake Landfill and, therefore, should bear the costs to clean up the resulting contamination.

7. By this action, Bridgeton Landfill, LLC seeks to recover from Mallinckrodt LLC the necessary costs of response that Plaintiff has incurred and will continue to incur in a manner consistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300, *et seq*., caused by the release or threatened release of hazardous substances that have contaminated the West Lake Landfill.

8. Bridgeton Landfill, LLC also seeks a declaratory judgment that Mallinckrodt LLC is liable for future response costs or damages that will be binding on any subsequent actions to further recover response costs or damages.

## PARTIES

9. Plaintiff Bridgeton Landfill, LLC ("Bridgeton") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Bridgeton, Missouri.

10. Bridgeton is the successor-in-interest to Rock Road Industries, Inc. and Laidlaw Waste Systems (Bridgeton), Inc.

11. Defendant Mallinckrodt LLC is a limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, Mallinckrodt LLC's principal place of business is St. Louis, Missouri.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b) because Count I seeks relief under CERCLA § 107(a), 42 U.S.C. § 9607(a), and Count II seeks relief under CERCLA § 113(f), 42 U.S.C. § 9613(f). In addition, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), authorize this Court to grant Bridgeton declaratory relief.

13. Venue is proper in this district under CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391 because the releases, threatened releases and damages at issue occurred in Bridgeton, Missouri, which is within this judicial district.

## THE WEST LAKE LANDFILL SUPERFUND SITE

14. The West Lake Landfill Superfund Site (the "West Lake Site") is an inactive solid waste disposal facility located at 13570 St. Charles Rock Road in Bridgeton, St. Louis County, Missouri.

15. From 1939 to 1988, limestone quarrying and crushing operations were conducted at the West Lake Site, resulting in two quarry pits.

16. Beginning in the early 1950s, portions of the unquarried areas were used for landfilling municipal solid waste, industrial solid waste and construction demolition/debris.

17. In 1973, two landfill areas at the West Lake Site became radiologically contaminated when soils mixed with uranium ore processing residues were transported to the West Lake Site and used as daily cover in the landfilling operation.

18. In 1990, EPA listed the West Lake Site on the Superfund National Priorities List.

19. EPA has found the West Lake Site is a "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

20. EPA has found Bridgeton is a "person" as defined by Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

21. EPA has found Bridgeton is a responsible party under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), because Bridgeton is the "owner" and/or "operator" of the West Lake Site, as defined by Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

22. EPA has concluded the contamination found at the West Lake Site includes "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

23. EPA has concluded there have been actual or threatened "releases" of hazardous substances from the West Lake Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

## **MALLINCKRODT HAZARDOUS WASTE AND ARRANGER LIABILITY**

24. Upon information and belief, Mallinckrodt Chemical Works, a predecessor-in-interest to Mallinckrodt LLC, (both hereinafter referred to as "Mallinckrodt") contracted with the U.S. government for various types of work related to the nuclear program.

25. Upon information and belief, Mallinckrodt's contractual obligations included refining uranium compounds and metal between 1942 and 1966.

26. Upon information and belief, Mallinckrodt owned and operated the Destrehan Street facility at the St. Louis Downtown Site, and in certain years operated the St. Louis Airport Storage Site ("SLAPS").

27. Upon information and belief, Mallinckrodt refined uranium compounds at the Destrehan Street facility from approximately 1942-1957, resulting in residues and other materials.

28. The residues and other materials contained hazardous substances as defined by CERCLA Section 101(14), 42 U.S.C. § 9601(14).

29. Upon information and belief, from approximately March 1946 through 1957, Mallinckrodt arranged for disposal of the residues and other materials by transferring them from the Destrehan Street facility to SLAPS.

30. Upon information and belief, between approximately May 1966 and December 1966, the residues and other materials were moved by truck from SLAPS to the Hazelwood Interim Storage Site, also known as the Latty Avenue Site.

31. Upon information and belief, the residues and other materials were transported from the Latty Avenue Site and disposed of at the West Lake Site.

32. Upon information and belief, Mallinckrodt, therefore, generated and arranged for disposal of hazardous substances it owned or possessed, and those wastes were disposed of at the West Lake Site.

## BRIDGETON'S RESPONSE ACTIONS AND NCP-COMPLIANT RESPONSE COSTS

33. Pursuant to Administrative Order on Consent and two subsequent amendments (EPA Docket No. VII-93-F-005) ("OU-1 ASAOC") issued by EPA, Bridgeton performed a Remedial Investigation/Feasibility Study and Baseline Risk Assessment of the West Lake Site.

34. On February 2, 2018, EPA approved the Remedial Investigation conducted by Bridgeton in accordance with the OU-1 ASAOC.

35. On February 5, 2018, EPA approved the Feasibility Study conducted by Bridgeton in accordance with the OU-1 ASAOC.

36. Under the terms of the OU-1 ASAOC, the costs that Bridgeton incurred in preparing the Remedial Investigation and Feasibility Study were necessary costs of response and are consistent with the NCP as those phrases are used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

37. Pursuant to Unilateral Administrative Order for Removal Action (EPA Docket No. CERCLA-07-2016-0002) (the "UAO") issued by EPA, Bridgeton conducted and is conducting certain removal actions at the West Lake Site, including actions to prevent a surface fire and to implement an incident management plan.

38. EPA found the removal actions required by the UAO are necessary to protect the public health, welfare or the environment.

39. Bridgeton has incurred and will continue to incur significant costs to comply with the UAO.

40. The costs Bridgeton has incurred and will incur while complying with the UAO are "response" costs as that term is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

41. The response costs Bridgeton incurred and will incur while complying with the UAO are "necessary costs of response" as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

42. The response costs Bridgeton has incurred and will incur while complying with the UAO are consistent with the NCP as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

43. Pursuant to Administrative Settlement Agreement and Order on Consent for Removal Actions (EPA Docket No. 07-2016-0005) (the "North Quarry ASAOC") issued by EPA, Bridgeton conducted and is conducting additional removal actions at the West Lake Site to address the potential risk of a subsurface heating event coming into contact with hazardous substances at the West Lake Site.

44. EPA has found the removal actions required by the North Quarry ASAOC are necessary to protect the public health, welfare or the environment.

45. EPA has found that if the removal actions required by the North Quarry ASAOC are carried out in compliance with the terms of the agreement, they will be consistent with the NCP as provided in Section 300.700(c)(3)(ii) of the NCP.

46. Bridgeton has incurred and will continue to incur significant costs to comply with the North Quarry ASAOC.

47. The costs Bridgeton has incurred and will continue to incur while complying with the North Quarry ASAOC are "response" costs as that term is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

48. The response costs Bridgeton has incurred and will continue to incur while complying with the North Quarry ASAOC are "necessary costs of response" as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

49. The response costs Bridgeton has incurred and will continue to incur while complying with the North Quarry ASAOC are consistent with the NCP as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

50. Bridgeton has incurred and will continue to incur costs beyond those detailed above to investigate and otherwise respond to the hazardous substances contained at the West Lake Site.

51. The additional costs Bridgeton has incurred and will continue to incur to investigate and respond to contamination at the West Lake Site are "response" costs as that term is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

52. The additional response costs Bridgeton has incurred and will continue to incur to investigate and respond to contamination at the West Lake Site are "necessary costs of response" as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

53. The additional response costs Bridgeton has incurred and will continue to incur to investigate and respond to contamination at the West Lake Site are consistent with the NCP as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

## COUNT I
## COST RECOVERY UNDER CERCLA 42 U.S.C. § 9607(a)

54. Plaintiff repeats and re-alleges Paragraphs 1 through 53 above, as though fully set forth herein.

55. Mallinckrodt is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

56. Upon information and belief, Mallinckrodt is a covered person within the meaning of Section 107(a)(3), 42 U.S.C. § 9607(a)(3). Upon information and belief, Mallinckrodt generated residues and other materials containing hazardous substances as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14). Upon information and belief, Mallinckrodt, by contract, agreement or otherwise, arranged for disposal of hazardous substances it owned or possessed that were disposed of at the West Lake Site.

57. The West Lake Site is a "facility" as the term is defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

58. Bridgeton is the "owner" and/or "operator" of the West Lake Site as defined by Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

59. There have been actual or threatened "releases" of hazardous substances from the West Lake Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

60. Bridgeton has undertaken response actions at the West Lake Site to respond to the release or threatened release of hazardous substances.

61. The costs Bridgeton has incurred and will continue to incur while undertaking response actions at the West Lake Site are "response" costs as that term is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

62. Bridgeton's past and future response costs are "necessary costs of response" as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

63. Bridgeton's past and future response costs have been and will be incurred, to the extent necessary, in substantial compliance with the National Contingency Plan ("NCP").

64. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Mallinckrodt is jointly and severally liable to Plaintiff, in whole or in part, for any necessary costs of response for the West Lake Site that Bridgeton has incurred or will incur in the future in substantial compliance with the NCP.

65. To date, Mallinckrodt has not reimbursed Bridgeton for any of the response costs incurred in connection with the West Lake Site.

66. Notice of this action is being provided to the Administrator of the Environmental Protection Agency and the United States Attorney General, pursuant to 42 U.S.C. § 9613(l).

## COUNT II
## CLAIM FOR CONTRIBUTION UNDER CERCLA, 42 U.S.C. § 9613(f)

67. Bridgeton repeats and re-alleges Paragraphs 1 through 66 above, as though fully set forth herein.

68. Mallinckrodt is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

69. Upon information and belief, Mallinckrodt is a covered person within the meaning of Section 107(a)(3), 42 U.S.C. § 9607(a)(3). Upon information and belief, Mallinckrodt generated residues and other materials containing hazardous substances as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14). Upon information and belief, Mallinckrodt, by contract, agreement or otherwise, arranged for disposal of hazardous substances it owned or possessed that were disposed of at the West Lake Site.

70. The West Lake Site is a "facility" as the term is defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

71. Bridgeton is the "owner" and/or "operator" of the West Lake Site as defined by Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

72. There have been actual or threatened "releases" of hazardous substances from the West Lake Site as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

73. Bridgeton has entered into various agreements with the United States to perform response actions at the West Lake Site that could be deemed settlements under which Bridgeton has resolved certain of its liability for contamination at the West Lake Site.

74. The costs for which Bridgeton is liable under the various agreements with the United States constitute necessary costs of response incurred in a manner consistent with the NCP under 42 U.S.C. § 9607(a)(4)(B) to remediate hazardous substances. These costs, which include but are not limited to millions of dollars that Bridgeton has already

expended to address the contamination contributed to the West Lake Site by Mallinckrodt, represent more than Bridgeton's allocable share of costs related to their releases or disposal of hazardous substances at the West Lake Site.

75. Bridgeton is entitled to contribution from Mallinckrodt under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for Mallinckrodt's equitable share of all costs and damages incurred by Bridgeton that exceeds Bridgeton's equitable share of the costs for which Bridgeton is liable under its various agreements with the United States that could be deemed settlement agreements.

76. Notice of this action is being provided to the Administrator of the Environmental Protection Agency and the United States Attorney General, pursuant to 42 U.S.C. § 9613(l).

## COUNT III
## DECLARATORY JUDGMENT UNDER FEDERAL LAW

77. Bridgeton repeats and re-alleges Paragraphs 1 through 75 above, as though fully set forth herein.

78. An actual and substantial controversy has arisen between Bridgeton and Mallinckrodt regarding their respective rights and obligations for the response costs that have been incurred and the response costs that will be incurred to respond to the releases of hazardous substances at the West Lake Site.

79. Until such time as remediation of the West Lake Site is complete, additional response costs will be needed to respond to the contamination at the site.

80. Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, and CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), Bridgeton is entitled to a declaratory judgment holding Mallinckrodt jointly and severally liable to Bridgeton under

Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for past and future response costs incurred by Bridgeton in connection with the West Lake Site.

81. Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202, and CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), Bridgeton is entitled to a declaratory judgment holding Mallinckrodt liable under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for contribution for Mallinckrodt's equitable share of all costs and damages incurred by Plaintiffs that are deemed resolved under settlement agreements between Bridgeton and the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bridgeton Landfill, LLC demands judgment in its favor and against Defendant Mallinckrodt LLC, to the extent authorized by law, as follows:

A. AS TO COUNT I, for recovery of all response costs incurred in connection with the West Lake Site consistent with the National Contingency Plan, including pre-judgment interest thereon as allowed by law;

B. AS TO COUNT II, for contribution for all costs and damages incurred by Bridgeton, including pre-judgment interest thereon as allowed by law, that exceed Bridgeton's equitable share of the costs for which Bridgeton is liable under any settlement agreements with the United States;

C. AS TO COUNT III, for a judicial declaration that Mallinckrodt is jointly and severally liable for all response costs incurred and to be incurred in connection with the West Lake Site consistent with the National Contingency Plan, such judgment to be binding on any subsequent action or actions to recover further response costs or damages;

D. AS TO COUNT III, for a judicial declaration that Mallinckrodt is liable for its equitable share of all costs and damages incurred by Bridgeton, including pre-judgment interest thereon as allowed by law, that exceed Bridgeton's equitable share of the costs for which Bridgeton is liable under any settlement agreements with the United States;

E. AS TO COUNTS I AND II, for attorneys' fees;

F. AS TO ALL COUNTS, for all costs and expenses incurred in this action, to the extent provided for by law;

G. AS TO ALL COUNTS, for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 23, 2018                LATHROP GAGE LLP

By:  /s/ William G. Beck
William G. Beck            26849MO
Jessica E. Merrigan        54982MO
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone:  816.292.2000
Telecopier:  816.292.2001
WBeck@lathropgage.com
JMerrigan@lathropgage.com

Attorneys for Plaintiff
BRIDGETON LANDFILL, LLC

-14-